FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

2001 SEP -7 P 12: 29

CLERK'S OFFICE
AT BALTIMORE

| | |
|---|---|
| CAROLEE LAIRD | |
| Plaintiff | * Civil Action No.: WMN-01-266 |
| | * |
| v. | * |
| | * |
| ELTON P. SUTER, d/b/a | * |
| The Town and Country Driving School | * |
| | * |
| and | * |
| | * |
| RUTH M. LITTLE | * |
| | * |
| Defendants | * |
| | * |
| | * |

```
_____FILED _____ENTERED
_____LODGED _____RECEIVED

SEP 0 6 2001

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY
```

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CONSENT DECREE

This Consent Decree entered into by and between Carolee Laird, Elton Suter, d/b/a The Town and Country Driving School, and Ruth M. Little shall be effective upon the date that the parties and this Court have executed this Decree.

Whereas Carolee Laird ("Plaintiff") alleges that Elton Suter, d/b/a The Town and Country Driving School, and Ruth M. Little ("Defendants"), the respective operator and owner of the premises located at 6811 York Road, Towson, Maryland 21204, have failed to comply with the Americans With Disabilities Act, 42 U.S.C. Sections 12181 et seq ("ADA"), the ADA's implementing regulations at 28 CFR Part 36, and the ADA Accessibility Guidelines, 28 CFR Part 36 Appendix A ("ADAAG"), and

Whereas Plaintiff has caused a lawsuit to be filed, Civil Action No. WMN-01-266, against Defendants in the United States District Court for the State of Maryland ("Lawsuit"), and

Whereas Defendants deny that they have failed to comply with the ADA, and

Whereas Plaintiff and Defendants wish to avoid the expense and uncertainty of litigation of the claims contained in the Lawsuit and to resolve all claims between them, and therefore, Plaintiff and Defendants enter this Consent Decree in full settlement of Plaintiff's claims.

It is hereby agreed by Plaintiff and Defendants as follows:

1. The purpose of this agreement is to assure accessibility to, and the services of, The Town and Country Driving School located at 6811 York Road, Towson, Maryland 21204 for persons using wheelchairs.

2. The front entranceway to the office of the Driving School will be modified consistent with the suggestions of Frank Pinter and ADA Guidelines which require a 32 inch minimum clear opening (removal of wood strips, door re-hung with z hinges, and floor surface made level).

3. The hallway to the bathroom and the entranceway to the bathroom in the office will be modified consistent with the suggestions of Frank Pinter and ADA Guidelines which require a 32 inch  minimum clear opening (removal of wood strips and trim, and door re-hung with z hinges).

2

4. The bathroom in the office will be modified consistent with the suggestions of Frank Pinter and ADA Guidelines which require a new toilet 17-19 inches high, the installation of two grab bars, one on the wall behind the toilet and one on the wall adjacent to the toilet.

5. The Driving School shall implement a policy wherein any wheelchair user intending to take classes at the School will be provided such instruction in the office portion of the premises with the same advantages and privileges of non-wheelchair users. Such instruction shall be provided on a non-segregated basis, i.e., non-wheelchair users will also be provided instruction in the office area of the School.

6. A permanently affixed sign shall be displayed on the exterior door of the office area of the School indicating that the premises are handicapped accessible.

7. The above items shall be completed within 90 days of the execution of this Consent Decree by the parties and the Court. Defendants shall notify Plaintiff when the above items have been completed. Plaintiff and Frank Pinter shall be allowed to inspect the modifications at the conclusion thereof to ensure compliance. If the items are satisfactorily completed, and the fees and costs specified in Paragraph 8 below are paid, Plaintiff shall cause this Lawsuit to be dismissed without prejudice within 10 days of the inspection and payment of fees and costs. If a dispute arises between the parties as to whether the items specified above have been materially completed, any party may request a hearing of this Court for it to determine whether the items have been materially completed. If the Court determines that the items

3

have been materially completed, and the fees and costs specified in Paragraph 8 below are paid, Plaintiff shall cause this Lawsuit to be dismissed without prejudice. The Defendants shall pay all charges billed by Mr. Pinter.

8. The Defendants shall pay to Plaintiff's counsel fees in the amount of $1,622.50 and costs of $150.00, plus reasonable fees and costs incurred to enforce this Decree in the event Defendants have not materially complied with this Decree. The Defendants shall also pay any costs assessed by the Court.

9. This Consent Decree contains the entire agreement of the parties, and this agreement may not be amended except in writing, signed by the parties and the Court.

10. The parties agree that the Court shall retain jurisdiction over this case until the dismissal for all purposes, including enforcement, to ensure that all terms of this Consent Decree are fully implemented. Notwithstanding any terms of this agreement, prior to dismissal either party may request that the Court enforce this agreement at any time, if that party can show that another party is not proceeding with diligent efforts to carry out the terms of this Consent Decree.

_Carolee Laird_

Carolee Laird

_8/31/01_

Date

_Elton Suter_

Elton Suter

_7-19-01_

Date

_Ruth M Little_

Ruth M. Little

_Ruth M. Little, Trustee_

RUTH M. LITTLE TRUSTEE
UWO HARRY A. LITTLE TRUST

_8-21-01_

Date

_8-21 01_

DATE

Having approved the terms of this Consent Decree which has been signed by the

parties as set forth above, it is hereby ORDERED, on this ___7th___ day of _September_ 2001

that the Plaintiff and Defendants shall comply with the terms of this Decree and that the

Court retains jurisdiction of this case until the Plaintiff has dismissed this suit.

_William Nickerson_

The Honorable William Nickerson
United States District Judge